Entered on Docket June 19, 2019

**Below is the Judgment of the Court.**

_____

**Timothy W. Dore**
**U.S. Bankruptcy Court Judge**
(Dated as of Entered on Docket date above)

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>GLOBAL BARISTAS US, LLC,<br><br>    Debtors. | NO. 18-14095-TWD |
| NANCY JAMES, TRUSTEE for the BANKRUPTCY ESTATE OF GLOBAL BARISTAS US, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. AVENATTI,<br><br>    Defendant. | ADVERSARY NO. 19-01047-TWD<br><br>DEFAULT JUDGMENT AVOIDING THE APRIL 21, 2017 ASSIGNMENT OF ALL DEBTOR'S RIGHTS ASSOCIATED WITH KING COUNTY SUPERIOR COURT CASE NUMBER 15-2-27043-5 SEA TO MICHAEL J. AVENATTI<br><br>✓**Clerk's Action Required** |

## I. JUDGMENT

The Court previously Ordered on May 22ⁿᵈ, 2019 that Defendant Michael J. Avenatti failed to appear or defend and was therefore in default pursuant to BR 7055 incorporating Fed. R. Civ. P. 55(a). (Dkt. No. 8)

DEFAULT JUDGMENT AGAINST DEFENDANT MICHAEL J. AVENATTI - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6869920.1

1  The Court now finds that the entry of Default Judgment avoiding the April 21, 2017 assignment attached hereto as **Appendix A** is appropriate. Accordingly, the transfers documented in **Appendix A** are hereby avoided and preserved for the benefit of the bankruptcy estate pursuant to 11 USC Sections 550 and 551. The transfers avoided and preserved for the benefit of the estate comprise the assignment to Michael J. Avenatti of all Debtor's rights, claims, defenses, appellate rights, rights to fees, compensation, potential judgments, and or causes of action associated with King County Superior Court case number 15-2-27043-5SEA.

The transfer to Mr. Avenatti is hereby avoided and all Debtor's rights, claims, defenses, appellate rights, rights to fees, compensation, potential judgments, and or causes of action associated with King County Superior Court case number 15-2-27043-5SEA are preserved for the benefit of the estate.

/// End of Default Judgment ///

Presented by:

/s/ Scott Henrie, WSBA #12673
Scott Henrie, WSBA #12673
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: shenrie@williamskastner.com

*Special Litigation Counsel for Plaintiff*
*Chapter 7 Trustee Nancy L. James*

DEFAULT JUDGMENT AGAINST DEFENDANT MICHAEL J. AVENATTI - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6869920.1

Case 19-01047-TWD    Doc 11    Filed 06/19/19    Ent. 06/19/19 14:56:34    Pg. 2 of 5

## ASSET ASSIGNMENT AGREEMENT

This Asset Assignment Agreement ("Agreement") is entered into by and between Global Baristas US, LLC and Global Baristas, LLC (collectively "Global") and Michael J. Avenatti, an individual ("Avenatti"), and is effective as of the last date of execution set forth below. Global and Avenatti may be collectively referred to herein as the "Parties".

**WHEREAS,** pursuant to this Agreement it is the intention of Global to transfer and vest all rights, title ownership and interests in various assets to Avenatti in exchange for the consideration described herein; and

**NOW THEREFORE,** in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. The recitals set forth above are true and accurate and are an integral part of this Agreement.

2. Global hereby irrevocably assigns and transfers to Avenatti any and all rights, claims, defenses, appellate rights, rights to fees, compensation, potential judgments, costs and/or causes of action held by Global and associated with King County Superior Court case number 15-2-27043-5 SEA to Avenatti (the "Assets"). Avenatti hereby accepts the irrevocable assignment and transfer of the Assets made by Global and agrees to execute this Agreement.

3. Global agrees to execute any and all additional documents and agreements that may be necessary to consummate this assignment of the Assets and to facilitate transfer of ownership of the Assets to Avenatti.

4. Avenatti, for and in consideration of the assignment and transfer of ownership of the Assets as well as the promises and conditions contained herein, hereby agrees to provide up to $500,000.00 to meet the business obligations of Global as requested from time to time by Global during the time period May 1, 2017 to October 31, 2018.

5. Global, for and in consideration of the promises and conditions contained herein represents that it is the sole and exclusive owner of the Assets, that the Assets are not subject to any encumbrance that would prevent their transfer, that it has the authority to enter into this Agreement and, it hereby agrees to release, remit, remise and forever discharge Avenatti, its officers, directors, shareholders, representatives, agents, attorneys and assigns, from any and all claims that may exist between them including, civil actions, arbitration claims, tort claims, statutory claims, administrative claims, causes of action, claims at law and choses in equity, known or unknown, directly or indirectly relating to the respective businesses of the Parties, and any and all other matters whatsoever from the date of execution below back to the beginning of time.

6. The invalidity of any portion of this Agreement shall not affect the validity of any other provision. In the event that any provision of this Agreement is held to be invalid, the Parties agree that the remaining provisions shall remain in full force and effect.

1

7. This Agreement reflects the complete agreement between the Parties regarding the subject matter identified herein and shall supersede all other agreements, either oral or written, between the Parties regarding such subject matter. The Parties stipulate that neither of them, nor any person acting on their behalf has made any representation except as is specifically set forth in this Agreement and each of the Parties acknowledges that they have not relied upon any representation of any third party in executing this Agreement, but rather have relied exclusively on their own judgment in entering into this Agreement.

9. This Agreement shall be governed by and construed solely and exclusively in accordance with the laws of the State of California without regard to any statutory or common-law provision pertaining to conflicts of laws. The Parties agree that courts of competent jurisdiction in Los Angeles, California, shall have jurisdiction with regard to any action arising out of any breach or alleged breach of this Agreement. The Parties agree to submit to the personal jurisdiction of such courts and any other applicable court within the State of California.

10. This Agreement may be executed in counterparts, each of which shall be deemed an original for all intents and purposes.

11. The Parties to this Agreement declare and represent that:

   a. They have read and understand this Agreement;

   b. They have been given the opportunity to consult with an attorney if they so desire;

   c. They intend to be legally bound by the promises set forth in this Agreement and enter into it freely, without duress or coercion;

   d. They have retained signed copies of this Agreement for their records; and

   e. The rights, responsibilities and duties of the Parties hereto, and the covenants and agreements contained herein, shall continue to bind the Parties and shall continue in full force and effect until each and every obligation of the Parties under this Agreement has been performed.

[remainder of page intentionally left blank]

2

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth below.

Dated: April 21, 2017

Global Baristas US, LLC

By: _____
Michael Avenatti, General Counsel

Dated: April 21, 2017

Global Baristas, LLC

By: _____
Michael Avenatti, General Counsel

Dated: April 21, 2017

_____
Michael J. Avenatti

3